JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christina Cinelli & Gregory McConnell

**(b)** County of Residence of First Listed Plaintiff    Salem
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DeNittis Osefchen, P.C., 525 Route 73 North, Suite 410, Marlton, NJ 08053

## DEFENDANTS
P.B. School of Beauty Culture, Inc., (d/b/a "PB Cosmetology Education Centre" and also d/b/a "PB Cosmetology Student Salon") and Colleen M. Connelly

County of Residence of First Listed Defendant    Camden County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201-218, et seq.
Brief description of cause:
unpaid wages under federal and NJ state law

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE   1/27/14

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTINA CINELLI and GREGORY McCONNELL, on behalf of themselves and all others similarly situated, | Civil Action No. |
| Plaintiffs, | **CLASS ACTION** |
| v. | **COMPLAINT** |
| P.B. SCHOOL OF BEAUTY CULTURE, INC., (d/b/a "PB COSMETOLOGY EDUCATION CENTRE" and also d/b/a "PB COSMETOLOGY STUDENT SALON"); and COLLEEN M. CONNELLY, | |
| Defendants. | |

## INTRODUCTION

1.     This is a collective action, and a class action, on behalf of beauty school students at the "PB Cosmetology Education Centre" (hereafter "PB Cosmetology") operated by defendants in Gloucester City, New Jersey, who suffered damages as a result of the violations of the federal Fair Labor Standards Act and the New Jersey Wage and Hour Law.

2.     Plaintiffs seek to bring their claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., as a collective action on behalf of all similarly situated persons, pursuant to 29 U.S.C. §216(b).

3.     Plaintiffs also seek to bring their New Jersey Wage and Hour Law claims as a class action under Fed.R.Civ.P. 23, on behalf of all cosmetology students at PB Cosmetology Education Centre in New Jersey between January 27, 2012 and the present.

4.     As outlined in greater detail herein, plaintiffs and the other members of the proposed FLSA collective action and Fed.R.Civ.P. 23 class action are or were cosmetology

1

students at defendants' beauty school, who were required by defendants to perform numerous hours of work at a for-profit beauty salon also operated by defendants in New Jersey, under factual circumstances that created an employee-employer relation between these students and defendants and required that plaintiffs and the class be paid wages for such work under well-established federal and New Jersey state law.

5.     Despite this, defendants did not pay any wages to plaintiffs and the other student/ employees, in clear violation of the law.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims alleged herein because plaintiffs seek relief pursuant to the Fair Labor Standards Act ("FLSA") for the defendants' failure to pay minimum wages as required by 29 U.S.C. § 201-218 et seq. The employment relationship alleged to exist between the parties is subject to FLSA because the defendants are properly deemed "employers" within the meaning of the FLSA as they have in excess of $500,000 in yearly revenue and the employment alleged involved the use or handling of goods and services that have moved or were moving in interstate commerce, as those terms are defined in the FLSA.

7.     The Court has supplemental jurisdiction over the New Jersey state law claims alleged herein pursuant to 28 U.S.C. § 1367(a). Supplemental jurisdiction is properly exercised over such state law claims, which present issues of fact which overlap with the FLSA claims.

8.     Venue is properly placed in this Court as the conduct alleged herein took place in Gloucester City, New Jersey.

## PARTIES

9.     Plaintiff Christina Cinelli, currently resides in Salem, New Jersey. Like all members of the proposed collective action and class action, Ms. Cinelli was, during the relevant

2

time period, a student at PB Cosmetology in Gloucester City, New Jersey and was also an employee of a for-profit beauty salon run by defendants called the "PB Cosmetology Student Salon," who was required by defendants to perform 900 hours of uncompensated labor at defendants' for-profit beauty salon in New Jersey, without being paid any wages.

10.    Plaintiff Gregory McConnell currently resides in Port Richie, Florida. Like all members of the proposed collective action and class action, Mr. McConnell was, during the relevant time period, a student at PB Cosmetology in Gloucester City, New Jersey and was also an employee of a for-profit beauty salon run by defendants called the "PB Cosmetology Student Salon," who was required by defendants to perform 900 hours of uncompensated labor at defendants' for-profit beauty salon in New Jersey, without being paid any wages.

11.    Defendant P.B. School of Beauty Culture Inc., d/b/a "PB Cosmetology Education Centre" and also d/b/a as "PB Cosmetology Student Salon" is a corporation formed and existing under the laws of the State of New Jersey, which is registered with the New Jersey Department of Commercial Recording as a "Domestic Profit Corporation," with its principal place of business located at 110 Monmouth Street, Gloucester City, New Jersey.

12.    Defendant Colleen M. Connelly is the director, managing officer, owner and principal of PB Cosmetology. Defendant Colleen M. Connelly created the policies and procedures described herein.

13.    No claims in this action are based on any theory of vicarious liability and no claims are based solely on the status of Defendant Colleen M. Connelly as corporate officer, manager or owner.

14.    Rather, the claims against Defendant Colleen M. Connelly are based on the actions of Colleen M. Connelly, and on the fact that she personally participated in the unlawful practices

3

alleged herein; that she knew of, created and approved of the practices alleged herein; and that she shared in the proceeds of the unlawful practices alleged herein.

## CLASS ACTION AND COLLECTIVE ACTION ALLEGATIONS

15.   The named plaintiffs bring their FLSA claim as set forth in Count I on their own behalf, and on behalf of a proposed collective action of similarly situated persons under 29 U.S.C. § 216(b), defined as:

> **All cosmetology students of PB Cosmetology who were required by defendant to perform labor without pay at the "PB Cosmetology Student Salon" in New Jersey between January 27, 2011 and the present.**

16.   Over 100 persons fit within the proposed FLSA collective action definition.

17.   There is a well-defined community of interest in the questions of law and fact affecting the collection action members as a whole.

18.   The members of the proposed collective action were all cosmetology students at PB Cosmetology and each was required to perform labor without pay by defendant in defendants' for-profit beauty salon in New Jersey, working under uniform policies and procedures created by defendant which created an employee/employer relationship with defendants.

19.   The questions of law and fact common to each of the members of the FLSA collective action predominate over questions which may affect only individual members of the collective action, including the following:

> a. whether plaintiffs and the other members of the collective action were employees of defendants within the meaning of the FLSA;
>
> b. whether the FLSA required defendants to pay plaintiffs and the other members of the FLSA collective action wages at least equal to the federal minimum wage for the work they were required to perform at defendants'

for-profit beauty salon; and

c. whether Defendant Colleen M. Connelly is personally liable under the FLSA for the violations alleged herein.

20. These questions are such that proof of a state of facts common to the members of the FLSA collective action will entitle each member of the collective action to the relief requested in this Complaint.

21. Plaintiffs also bring the claims under New Jersey state law set forth in Counts II and III as a proposed class action under Fed.R.Civ.P. 23, on behalf of a class defined as:

**All cosmetology students of PB Cosmetology who were required by defendants to perform labor without pay at the "PB Cosmetology Student Salon" in New Jersey between January 27, 2012 and the present.**

22. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

23. The exact number and identities of the persons who fit within the proposed class are contained in defendants' records and can be easily ascertained from those records.

24. According to public records, however, the proposed class is composed of several hundred persons.

25. The claims in this action arise exclusively from defendants' uniform policies as alleged herein.

26. No violations alleged are a result of any oral communications or individualized interaction between any class member and defendants.

27. There are common questions of law and fact affecting the rights of the class members, including, inter alia, the following:

a. whether plaintiffs and the other members of the collective action were

5

employees of defendants within the meaning of the New Jersey Wage
and Hour Law;

b.   whether the  New Jersey Wage and Hour Law required defendants to
pay plaintiffs and the other members of the class wages at least equal
to the New Jersey state minimum wage for the work they were
required to perform in defendants' for-profit beauty salon; and

c.   whether Defendant Colleen M. Connelly is personally liable under
the New Jersey Wage and Hour Law for the violations alleged herein.

28.   Plaintiffs are each members of the class they seek to represent.

29.   Each plaintiff was a student at defendants' beauty school between 2011 and 2012,
who was also required by defendants to perform 900 hours of unpaid labor during the same time
period at defendants' for-profit beauty salon, "PB Cosmetology Student Salon," performing
cosmetology services on members of the general public who paid a fee for those services to
defendants, as described in Attachment A.

30.   Specifically, Plaintiff Cinelli attended defendants' school between August of 2011
and August of 2012, during which time she was required by defendants to perform 900 hours of
unpaid labor at defendants' for-profit beauty salon, "PB Cosmetology Student Salon,"
performing cosmetology services on members of the general public who paid a fee for those
services to defendants, as described in Attachment A.

31.   Plaintiff McConnell attended defendants' beauty school between March 2011 and
March 2012, during which time he was required by defendants to perform 900 hours of unpaid
labor at defendants' for-profit beauty salon, "PB Cosmetology Student Salon,"  performing
cosmetology services on members of the general public who paid a fee for those services to
defendants, as described in Attachment A

32.   The claims of plaintiffs are not only typical of all class members, they are identical

in that they arise from uniform policies and circumstances and are based on the same legal theories of all class members.

33. Plaintiffs have no interest antagonistic to, or in conflict with, the class.

34. Plaintiffs will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent themselves and the class.

35. Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

36. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Common questions will predominate, and there will be no unusual manageability issues.

### RELEVANT FACTS OF THE DEFENDANTS' OPERATIONS AND THE PARTIES' RELATIONSHIP

39. Defendants operate the PB Cosmetology Education Centre as a for-profit business.

40. Defendant P.B. School of Beauty Culture, Inc. is registered with the State of New Jersey as a "Domestic Profit Corporation" and it is not registered with, or recognized by, any State or the United States as a non-profit or charitable enterprise.

41. Defendants are required by law to file tax information reports or tax returns with the United States Internal Revenue Service and on those filings, defendants are not indicated to be a charity or non-profit business within the meaning of the statutes and regulations that govern their obligation to file those reports or returns.

42.     The defendants' for-profit activities that are part of the PB Cosmetology include two basic types of activities:

     a.   providing educational services (the "school business") to paying students in the cosmetological trades, training such students to practice the trades of cosmetology, barbering, esthetics or skin care, makeup artistry and manicuring; and

     b.   providing personal cosmetology services to the general public at a beauty salon owned by defendants in New Jersey called the "PB Cosmetology Student Salon" (the "salon business"), where members of the public pay a fee to defendants to receive cosmetology, barbering, esthetics or skin care, makeup artistry or manicuring services.

43.     The defendants' salon business is designed to generate a profit for defendants, which is separate and apart from the profit generated by defendants through the operation of their school business.

44.     Thus, defendants wear two hats.

45.     On the one hand, defendants are running a for-profit cosmetology school, known as the "PB Cosmetology Education Centre" (hereafter "defendant's beauty school"), making a profit by collecting tuition money from each student of $15,720.00 per student.

46.     At the same time, defendants also operate a for-profit beauty salon, called the "PB Cosmetology Student Salon" (hereafter "defendants' for-profit salon") where defendants provide cosmetology services to the general public in exchange for substantial fees. See Attachment A, Pricelist for the cosmetology services provided to the public at the "PB Cosmetology Student Salon."

47.     The fees charged by defendants to the general public at defendant's salon greatly exceed the cost of the materials used in providing those services. See Attachment A, Pricelist for the cosmetology services provided to the public by the "PB Cosmetology Student Salon":

"Haircuts  $10
Wash & Style $8-15
Formal Style $25
Perm Designs $30-50
Hair Color $25-50
Highlites  $30-50
Relaxers $25-40
Waxing $5
Make-up $8-13
Manicure $8
Pedicure $15
Acrylic Nails $10-20"

48.    Indeed, defendants make the student/employees who are required to work in defendants' for-profit salon pay for the materials used in providing salon services to the general public at the "PB Cosmetology Student Salon" out of their own pocket.

49.    This includes a cosmetology "kit" which each student/employee is required to purchase from defendants for $1,980.00, on top of the $15,720 tuition per student which defendants charge to each student to attend defendants' beauty school.

50.    The student/employees who are required to work in defendants' for-profit salon are required by defendants to use the materials included in this "kit" when providing salon services to the general public at the "PB Cosmetology Student Salon" and these student/employees are not reimbursed by defendants for the costs of these materials.

51.    Defendants' salon business generates a profit for the defendants through the substantial fees paid by the public to defendants for the salon services listed in Attachment A.

52.    The profit generated for defendants by defendants' salon business is separate and apart from the profit generated by defendants through the operation of their beauty school business.

53.    In operating their salon business, defendants utilize the labor of the FLSA

collective action members and Fed.R.Civ.P. 23 class members, who have also purchased the educational services provided by the defendants.

54.    In other words, after charging students up to $15,720.00 per student to attend defendants' beauty school, defendants then make those same students work 900 hours each in defendants' for-profit salon, performing cosmetology services on paying customers of defendants.

55.    The FLSA collective action members and Fed.R.Civ.P. 23 class members are paid no compensation by defendants for the labor they provide in defendants' salon, meaning they receive no payments in United States currency or in instruments that are convertible as a matter of law into such currency in exchange for furnishing such labor.

56.    The labor provided by the collective action members and class members in the defendants' salon was essential to defendants' salon business.

57.    The salon services provided to the members of the public at defendants' beauty salon were furnished exclusively or predominately by plaintiffs and the other members of the collective action and class.

58.    Indeed, defendants admit this fact, stating expressly in defendants' written advertising for the "PB Cosmetology Student Salon" that **"All work performed by Senior Students…"**

59.    Without the free labor provided by plaintiffs and the other collective action and class members, defendants' salon business would either cease to operate, or defendants would have to hire and pay other persons to perform such services, persons who would have to be compensated at a minimum hourly wage as required by the FLSA and New Jersey law.

60.   The defendants actively promote and advertise their salon business to the public through various means and induce the purchase of those services by offering them to members of the public at a cost which, while still substantial, is lower than the cost typically charged by other salon businesses (who do not utilize uncompensated labor) for similar services.

61.   Defendants' salon business competes with other profit-making businesses that provide the same salon personal services.

62.   Members of the public have available to them other providers of such salon personal services in the area, besides the defendants' salon who, for a fee, will provide the same salon personal services as are provided at defendants' salon.

63.   Defendants are able to make a profit on their salon business, and to advantageously compete with these other profit-making salon businesses, because:

   a.   defendants require the student/employees who work at defendants' for-profit salon to pay for the costs of the materials used in the salon out of their own pocket; and
   b.   defendants do not pay any wages to the persons who perform the salon services on members of the public at defendants' salon: plaintiffs and the collective action/class members.

64.   Defendants' ability to provide the same salon services to members of the public, and earn a profit by doing so, is either substantially or entirely the result of the defendants enjoying lower operating costs because they provide such salon services to the public using unpaid labor by plaintiffs and other members of the collective action/class.

65.   Defendants' competitors in the salon business, in contrast, must pay at least the minimum hourly wage required by the FLSA and New Jersey state law to their employees.

66.   Defendants have made a conscious decision to run their salon business as a "for-profit" enterprise.

11

67.    Defendants have made a conscious decision to charge a fee to the public for defendants' salon services that greatly exceeds the costs of the materials consumed, so that defendants can make a profit on defendant's salon services and compete with other enterprises that also provide such salon services.

68.    Defendants' decision to operate the salon business as a separate, profit-making venture is irrelevant to the educational goals of plaintiffs and the other members of the collective action/class.

69.    Plaintiffs and the other collective action/class members would enjoy the exact same "experience-gaining" benefit if the defendants did not charge members of the public any fee for such salon services, or if defendants only charged a fee sufficient to cover the actual cost of the materials, if any, consumed during the provision of such salon services.

70.    In other words, if defendants were only interested in training cosmetology students and having them practice on real people, defendants could have them practice on members of the public without charging the public a fee for the salon services, or by charging a reduced fee that merely covered the cost of the materials used.

71.    Defendants did not do this, however.

72.    Instead, defendants charged members of the public substantial fees for the salon services provided at the "PB Cosmetology Student Salon," fees which are much higher than the costs of the materials consumed in provided such services. See Attachment A, Pricelist for the cosmetology services provided to the public by the "PB Cosmetology Student Salon".

73.    The defendants' educational business neither requires, nor benefits, from the defendants' decision to charge members of the public such high fees for providing salon services.

74.     Rather, the reason the fees charged by defendants at their salon are so high is to generate a profit for defendants from the provision of salon services to the public; a profit that is generated by utilizing the unpaid labor of plaintiffs and the other collective action/class members to carry out defendants' salon business.

75.     By carrying on a for-profit salon business, utilizing the unpaid labor of the collective action/class members, defendants' actions have the effect of depressing wages and employment opportunities generally among workers who would otherwise provide those salon services.

76.     That depression of wages and employment opportunities arises because the defendants are paying nothing whatsoever for the collective action/class members' labor, which defendants use to provide such salon services and to generate the fees paid for these services by the public.

77.     This, in turn, results in defendants being able to conduct a profit-making salon business that charges members of the public less than their salon competitors must charge, because such salon competitors must pay at least the minimum hourly wage required by the FLSA and state law to their salon employees.

78.     The ability of defendants to secure free labor for defendants' profit-making salon business, without paying at least the minimum hourly wage required by the FLSA and New Jersey state law for that labor, results in other competing salon businesses being unable to increase the wages of their workers above that minimum hourly amount or to hire more workers to provide such services.

79.     Such other competing salon businesses are unable to do those things as a direct and proximate result of defendants' utilization of the collective action/class members' unpaid labor in

defendants' salon business and the defendants' ability, as a result of such utilization, to sell such salon personal services to the public for less than other competing salon businesses could charge.

80.     The amount of hours of unpaid labor that plaintiffs and the other collective action/class members were required to perform in defendants' for-profit salon was 900 hours per student/employee, for which they were paid no wages by defendants whatsoever.

81.     Pursuant to defendants' uniform policies, plaintiffs and each of the other collective action/class members were required to perform between 7 and 8 hours of labor per day in defendants' for-profit salon, for which they were paid no wages by defendants whatsoever.

### HOW THE RELEVANT FACTS ESTABLISH AN EMPLOYMENT RELATIONSHIP FOR THE PURPOSES OF THE FLSA AND NEW JERSEY LAW

82.     The relationship between the defendants and plaintiffs and the other collective action and class members, in respect to the labor provided by plaintiffs and the other collective action/ class members in the defendants' salon business, is one of employer and employee for the purposes of the FLSA and New Jersey state law.

83.     That employment relationship exists for the following reasons:

    a.  Plaintiffs and the other collective action/class members provided labor in defendants' salon business that was immediately advantageous to defendants and the profitability of defendants' salon business was substantially or wholly dependent upon such labor;

    b.  Plaintiffs and the other collective action/members, while receiving a benefit from their labor in the form of experience, were simultaneously conferring an additional and valuable economic benefit – beyond the tuition they paid for training – upon the defendants, because defendants were charging the public fees for the salon services performed by plaintiffs and the other the collective action/class members which were high enough to generate a substantial profit for defendants;

14

c.  The labor provided by plaintiffs and the other collective action/class members in defendants' salon business displaced or made unnecessary the employment of the persons the defendants would have otherwise needed to employ, and pay wages to, other persons for the performance of the labor that plaintiffs and the collective action/class members furnished and from which the defendants profited;

d.  Certain types of labor performed by plaintiffs and other collective action/class members did not, and could not, confer any educational benefit whatsoever upon such collective action/class members, in that the class members were required by defendants to spend some time not actually performing salon services on customers, but rather performing manual labor or administrative functions including, but not limited to, janitorial, clerical or logistical functions, that were essential and necessary for conducting defendants' salon personal services business, but which had no educational purpose, and for which time expenditures defendants failed and refused to pay the collective action/class members any wages whatsoever; and

e.  Defendants' utilization of the unpaid labor of plaintiffs and the other collective action/class members in a commercial, for-profit, salon business depresses the wages of employees in that industry and lessens the employment opportunities in that industry.

### HOW THE RELEVANT FACTS RENDER DEFENDANT COLLEEN M. CONNELLY LEGALLY RESPONSIBLE FOR THE PLAINTIFFS' CLAIMS

84.  Defendant Colleen M. Connelly ("Connelly") was empowered to make, and did make, the decision as to what policies and practices would be pursued at PB Cosmetology.

85.  Indeed, upon information and belief, Defendant Connelly created the policies and practices alleged herein, including the policy of running a for-profit salon business which provides salon services to the general public in exchange for a fee paid to defendants, without paying the workers whose labor was essential to that salon business.

86.  Moreover it is clear that Defendant Connelly is personally aware of these policies and has made a conscious decision to continue the policies that created an employer/employee relationship between defendants and  plaintiffs and the other collective action/class members for

15

the purposes of the FLSA and New Jersey state minimum wage laws.

87.   Such actions by Connelly caused the violations of the FLSA and New Jersey state law that are alleged in this complaint.

88.   Defendant Connelly, could have, but did not, make the decision to have PB Cosmetology discontinue the unlawful practices alleged herein.

89.   Despite having the power to do so, Defendant Connelly did not direct PB Cosmetology to discontinue the practices that are alleged herein.

90.   Instead, Defendant Connelly also directed that PB Cosmetology would:

    a.  operate a salon, called the "PB Cosmetology Student Salon," on a for-profit basis, charging the fees for salon services to members of the public which are enumerated in Attachment A and that such fees would be paid to defendants;

    b.  require plaintiffs and the other collective action/class members to work for 900 hours each in the "PB Cosmetology Student Salon," providing salon services to members of the general public;

    c.  not pay any wages to plaintiffs and the other collective action/class members for the labor they were required to perform at defendant's for-profit salon; and

    d.  require plaintiffs and the other collective action/class members to purchase cosmetology materials from defendants for $1,980 each, and require plaintiffs and the other collective action/class members to utilize these materials at defendants' for-profit salon in providing salon services to defendants' customers, without being reimbursed for the costs of these materials by defendants.

91.   Such actions by Defendant Connelly caused the violations of the FLSA and New Jersey state law alleged in this complaint.

92.   Defendant Connelly became aware, at least three years prior to the commencement of this action, that the salon business of the defendants was an important and profitable business activity of PB Cosmetology, which generated a profit for defendants which was separate and

apart from the tuition collected by defendants in their educational business.

93.     Defendant Connelly became aware, at least three years prior to the commencement of this action, that the salon business of defendants relied primarily or entirely upon the unpaid labor provided by plaintiffs and the other collective action/class members in order to generate such a profit for defendants.

94.     Indeed, the business model of defendants' salon business is to capitalize on the free labor and free cosmetology supplies and materials provided by PB Cosmetology students, in order to allow defendants' beauty salon to undercut their competitors' prices in the salon business.

95.     Even after becoming aware of such facts, Defendant Connelly made no attempt to ascertain whether the defendants' use of unpaid labor in their salon business was in compliance with the FLSA or the New Jersey state minimum wage laws.

96.     Moreover, Defendant Connelly has at least constructive knowledge of the fact that at least one court opinion has already held that the use of unpaid student labor by a private cosmetology school in a profit-making salon business violated the FLSA.

97.     Despite this, Defendant Connelly made no attempt to change the defendants' practice of using uncompensated student labor in defendants' profit-making salon business.

98.     In light of the foregoing set of facts, Defendant Connelly can properly be deemed an "employer" or co-employer of plaintiffs and the other collective action/class members within the meaning of the FLSA and New Jersey state law, in that Defendant Connelly was acting as a decision-making "agent of an employer," was the controlling person of PB Cosmetology and the beneficial owner of same, with the power to implement, continue and/or terminate the illegal policies and practices that are alleged herein.

99.   Defendant Connelly not only was vested with such powers, but also knowingly exercised such powers to continue the violations of the FLSA and New Jersey state law alleged herein.

100.   Imposition of such liability upon Defendant Connelly is also proper because she expressly directed agents, officers and employees of PB Cosmetology to commit the acts alleged herein which violated FLSA and New Jersey state law, and as a result, should be held civilly liable for such violations of law.

## COUNT I

### FAIR LABOR STANDARDS ACT

### On Behalf of the Members of the FLSA Collective Action

101.   Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

102.   Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, the named plaintiffs and the members of the similarly situated collective action group were entitled to at least the minimum hourly wage, which is currently $7.25 an hour, for each hour of the 900 hours they each labored in defendants' for-profit salon business.

103.   The fees charged to members of the general public by defendants for the cosmetology services provided in defendants' salon, as outlined in Attachment A, were paid to defendants.

104.   The named plaintiffs and those members of the similarly situated collective action were paid no monetary compensation whatsoever by the defendants for performing labor in the defendants' salon.

105.   Such failure to pay the plaintiffs and the  members of the collective action any

compensation whatsoever violated the minimum hourly wage requirements of 29 U.S.C. § 206.

106.  Defendants' aforesaid violations of the FLSA were willful in that defendants were aware they were running a for-profit salon business and were treating plaintiffs and the members of the collective action like employees.

107.  Defendants were also aware that employees of profit-making salon businesses are covered by the minimum hourly wage requirements of the FLSA.

108.  The named plaintiffs, on behalf of themselves and all other similarly situated persons who consent in writing to join this collective action, seek, under Count I, a judgment for unpaid minimum wages and additional liquidated damages of 100% of any such unpaid wages, such sums to be determined based upon an accounting of the hours worked by the named plaintiffs and any such other similarly situated persons who consent to join this action.

109.  Plaintiffs also seek an award of attorney's fees, interest and costs as provided for by the FLSA.

### COUNT II

### NEW JERSY WAGE AND HOUR LAW

### On Behalf of the Fed.R.Civ.P. 23 Class

110.  Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

111.  The conduct alleged by the defendants also constituted a violation of the New Jersey Age and Hour Law, which  requires the payment of a minimum hourly wage to workers under the circumstances alleged herein.

112.  Defendants' alleged conduct has deprived all of the class members who worked in

19

defendants' for-profit salon in New Jersey of the minimum wages owed pursuant to New Jersey law.

113.   The named plaintiffs, on behalf of themselves and the Fed.R.Civ.P. 23 class, seek a judgment against all defendants for all minimum wages authorized by New Jersey law.

114.   The named plaintiffs, on behalf of themselves and the Fed.R.Civ.P 23 class, also seek declaratory and equitable relief in the form of a declaration on the illegality of defendants' practices and in the form of a suitable injunction restraining defendants from continuing to violate the minimum wage requirements of New Jersey law.

## COUNT III

## PENALTIES FOR VIOLATION OF N.J.S.A. 34:11-4.2 and 34:11-4.7

### On Behalf of the Fed.R.Civ.P. 23 Class

115.   Plaintiffs incorporate all preceding paragraphs as though fully set forth at length herein.

116.   N.J.S.A. 34:11-4.2 provides that employees must be paid all wages owed  at least twice per month.

117.   N.J.S.A. 34:11-4.7 prohibits an employer from entering into any agreement with an employee to accept less than the amount of wages owed under the New Jersey Wage and Hour Act, or to be paid at an interval less frequent than twice per month.

118.   By the acts alleged herein, defendants have violated N.J.S.A. 34:11-4.2 and 34:11-4.7 on a class-wide basis, thereby causing plaintiffs and such members of the Fed.R.Civ.P. 23 class to suffer damages.

119.   Therefore, plaintiffs demand, on behalf of themselves and the Fed.R.Civ.P. 23 class, appropriate penalties for defendants' failure to timely pay wages during the class period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this court to:

a.   Certify the proposed FLSA collective action under 29 U.S.C. § 216(b) for the claim set forth in Count I;

b.   Certify the proposed Fed.R.Civ.P. 23 class action for the claims set forth in Counts II and III;

c.   Enter an order for injunctive and declaratory relief as described herein;

d.   Enter judgment in favor of each plaintiff, collective action member and class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

e.   Award plaintiffs reasonable attorneys' fees and costs; and

f.   Grant such other and further legal and equitable relief as the court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

**DeNITTIS OSEFCHEN, P.C.**

BY:  _/s/ Stephen P. DeNittis___
     Stephen P. DeNittis, Esq. (SD-0016)
     Joseph A. Osefchen, Esq. (JO-5472)
     Shane T. Prince, Esq. (SP-0947)
     5 Greentree Centre
     525 Route 73 North, Suite 302
     Marlton, NJ 08053
     (856) 797-9951
     Attorneys for Plaintiffs

     and

21

Leon Greenberg, Esquire
2965 South Jones Boulevard #E-4
Las Vegas, NV 89146
(702) 383-6369
Attorneys for Plaintiffs

Dated:  January 27, 2014

## CONSENT TO JOIN LAWSUIT

I, Christina Cinelli, hereby give my written consent to join the above- captioned lawsuit as a party plaintiff as to Count I (Fair Labor Standards Act claim) of the complaint pursuant to 29 U.S.C. § 216(b) of the federal Fair Labor Standards Act.

I affirm the following:

1.      I am (or was) a  student at defendants' PB Cosmetology school in New Jersey;

2.      I was required by defendants to work without being paid at least the minimum hourly wage at one of defendants' for-profit beauty salons in New Jersey between September 6, 2011 to July 3, 2012.

(Signature)   *Christina Cinelli*

(Print Name)   Christina M. Cinelli

(Address)      160 Quackerneck

               Salem, NJ 08079

Dated:  1/20/2014

## CONSENT TO JOIN LAWSUIT

I, Gregory McConnell, hereby give my written consent to join a lawsuit as a party plaintiff against PB Cosmetology for a Fair Labor Standards Act claim pursuant to 29 U.S.C. § 216(b) of the Federal Fair Labor Standards Act.

I affirm the following:

1.      I attended the PB Cosmetology school in New Jersey and worked in its student salon;

2.      I was required by PB Cosmetology to work without being paid at least the minimum hourly wage at its for-profit beauty salon in New Jersey between March 2011 and March 2012.

(Signature) _____

(Print Name) Gregory L. McConnell

(Address) 7139 Carlow St

Port Richey FL 34652

Dated: 1-25-13

# Exhibit A